AB:AXB

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE FIRST FLOOR, BASEMENT AND REAR YARD OF 374 JEFFERSON AVENUE, BROOKLYN, NEW YORK 11221, INCLUDING ANY LOCKED OR CLOSED CONTAINERS AND ITEMS CONTAINED THEREIN | APPLICATION FOR A SEARCH WARRANT FOR A PREMISES<br><br>Case No. 19-MJ-125 |

### AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE

I, FINBARR FLEMING, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search the first floor, basement and rear yard of the premises located at 374 Jefferson Avenue, Brooklyn, New York 11221, including any locked or closed containers and items contained therein, hereinafter "PREMISES," further described in Attachment A for the things described in Attachment B.

2. I am a Detective with the NYPD and have been since 2005. Since 2014 I have also been a Task Force Officer with the Strategic Pattern Armed Robbery Technical Apprenticeship Unit (the "Task Force"), a joint federal task force between the NYPD and the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). As such, I am a "federal

law enforcement officer" for purposes of Rule 41. In this capacity, I have conducted numerous investigations into violent crimes, including robberies and firearms offenses, and have executed search warrants at residences and other crime scene locations. As a result of my training and experience, I am familiar with the techniques and methods of operation used by individuals involved in criminal activity to conceal their activities from detection by law enforcement authorities.

3. I make this affidavit from personal knowledge based on my participation in this investigation, including communications with others who have personal knowledge of the events and circumstances described herein, oral and written reports about this investigation which your affiant received, directly or indirectly from law enforcement personnel, and information gained through my training and experience.

4. The information provided below is provided for the limited purpose of establishing sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter. Based on the facts set forth in this affidavit, there is probable cause to believe that the PREMISES described in Attachment A contains evidence, instrumentalities, or fruits of criminal activity in violation of 18 U.S.C. § 922(g)(1) (felon in possession of firearms and ammunition), 21 U.S.C. § 841 (distribution of controlled substances), 18 U.S.C. § 924(c) (using, carrying or brandishing a firearm in relation to a drug-trafficking crime and/or crime of violence), 18 U.S.C. § 1959 (violent crime in aid of racketeering),

2

18 U.S.C. § 1962 (unlawful racketeering activities), 18 U.S.C. § 844(h)(2) (carrying an explosive device in connection with another felony) and 18 U.S.C. § 842(i)(1) & (2) (possessing explosive devices as a convicted felon and/or a fugitive from justice) (collectively, the "TARGET OFFENSES").

## PROBABLE CAUSE

5.  At approximately 7:30 p.m. on February 6, 2019, I, along with another member of the Task Force ("Lieutenant-1")[1], arrived at the PREMISES in connection with an unrelated criminal investigation. Consistent with the Task Force's usual custom and practice, and to ensure officer safety, prior to arriving at the PREMISES, members of the Task Force consulted law enforcement databases for information concerning the PREMISES, including prior police activity at the residence and the identities of known occupants. In doing so, we learned that OLIVER PIERCE is associated with, and likely resides at, the PREMISES. We also learned that PIERCE has a lengthy and violent criminal history, including a conviction for first-degree manslaughter and second-degree kidnapping. We also learned that PIERCE was a fugitive from justice, and that on May 26, 2016, the New York

---

[1] Because multiple law enforcement personnel were involved in the arrest of this defendant, I refer to them by titular designations for ease of reference. The identities of each of these individuals are known to the affiant, and I have interviewed each of them about the events set forth herein.

3

State Department of Corrections and Community Supervision issued a parole absconder warrant for PIERCE's arrest, which, as of February 6, 2019, remained outstanding.

6. The PREMISES is a multi-story brownstone building. Upon information and believe, except only for the basement level, which contains no residential units, the remainder of the building is partitioned to contain one apartment per floor. The front door remains locked to outsiders, who must use an intercom system to gain entry. The front door contains a large glass panel that permits visibility from the front stoop into the first floor hallway. Upon approaching the PREMISES on February 6, 2019, I was able to observe the hallway through the glass portion of the front door and observed that an interior door leading to a first-floor apartment was ajar and that lights were on inside the apartment.

7. Upon knocking on the front door of the PREMISES, an individual who Lieutenant-1 recognized as OLIVER PIERCE exited the apartment into the hallway. When PIERCE recognized Lieutenant-1 and myself as law enforcement, he retreated down the hallway, away from the front door, and out of sight. With PIERCE's whereabouts inside the PREMISES unknown, and being aware of his prior violent history and status as a fugitive, Lieutenant-1 called for backup. Three NYPD officers from the 79th Precinct Anticrime Team ("Officer-1," "Officer-2" and "Sergeant-1") arrived on the scene.

8. Subsequently, a female later identified as KINETA LEWIS exited the same first-floor apartment where PIERCE had previously been seen and granted the officers access

4

to the PREMISES. Among other things, LEWIS stated to the officers that she was visiting PIERCE, who lived in the first-floor apartment. I continued to question LEWIS while other officers secured the PREMISES and conducted a search for PIERCE.

9. In an attempt to secure the first floor, several officers, including Lieutenant-1 and Sergeant-1, entered the first-floor apartment where PIERCE had previously been seen. Inside, the officers observed in plain sight a loaded European American Armory Model 38 Special .38-caliber revolver, a New York State identification card for PIERCE, quantities of substances appearing to contain marijuana and oxycontin, and several Molotov cocktails. The officers radioed an Emergency Services Unit to assist in the search for PIERCE.

10. In the course of securing the rear yard of the PREMISES, Officer-1 and Officer-2 discovered PIERCE hiding under a pile of leaves behind a shed in the rear yard of the neighboring property located at 372 Jefferson Avenue, Brooklyn, New York. Evidently, PIERCE had fled down two flights of stairs, through a rear basement door leading to the backyard and hopped an adjoining fence into the neighboring yard.

## CONCLUSION

11. Accordingly, I submit that this affidavit support probable cause for a warrant to search the PREMISES, as further described in Attachment A for the items described in Attachment B.

Respectfully submitted,

Finbarr Fleming
Detective / Task Force Officer
New York City Police Department

Subscribed and sworn to before me
on February 7, 2019

/s/ SMG

THE HONORABLE STEVEN M. GOLD
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

6

## ATTACHMENT A

*Property to be searched*

The property to be searched is the first floor, basement and rear yard of the brownstone building located at 374 Jefferson Avenue, Brooklyn, New York (the "PREMISES").

## ATTACHMENT B

*Property to be seized*

Evidence to be searched and seized from the PREMISES and inside locked and closed containers found therein:

Instrumentalities, evidence, and fruits of violations of 18 U.S.C. § 922(g)(1) (felon in possession of firearms and ammunition), 21 U.S.C. § 841 (distribution of controlled substances), 18 U.S.C. § 924(c) (using, carrying or brandishing a firearm in relation to a drug-trafficking crime and/or crime of violence), 18 U.S.C. § 1959 (violent crime in aid of racketeering), 18 U.S.C. § 1962 (unlawful racketeering activities), 18 U.S.C. § 844(h)(2) (carrying an explosive device in connection with another felony) and 18 U.S.C. § 842(i)(1) & (2) (possessing explosive devices as a convicted felon and/or a fugitive from justice) (collectively, the "TARGET OFFENSES"), including:

(a) Evidence concerning the identities of any occupants, owners, and residents of the PREMISES, including without limitation, leases, rent payment records, utility and telephone bills, mailing envelopes, addressed correspondence, diaries, financial statements, identification documents, address books, telephone directories, and keys;

(b) Evidence of drug possession and/or distribution, including but not limited to controlled substances, packaging material, shipping records, scales, cutting agents, ledgers and other records (such as customer lists, accounting documents, and financial records), other drug paraphernalia, and objects or surfaces that appear to have drug residue;

(c) U.S. and foreign currency that may constitute the proceeds of drug distribution, and records relating to the disposition of drug proceeds or other location of where drug proceeds may be stored or secreted;

(d) Evidence relating to the identities and locations of co-conspirators and/or other drug suppliers, distributers, and customers, including but not limited to address books (physical or electronic, such as on cellphones), photographs (physical or digital), notes, written or electronic correspondence, such as emails, text messages, and social media postings and messages;

(e) Firearms, ammunition, and other weapons; and

(f) Cellular telephones and electronic storage media that may contain any electronically stored information falling within the categories set forth above, as well as any

passwords, password files, test keys, encryption codes or other information necessary to access the cellphones or electronic devices or data.